IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

FARMERS INSURANCE COMPANY, INC., )
a/s/o DARRELL THOMPSON AND LISA )
THOMPSON, )
 )
      Plaintiff, )
 )
v. ) Case No. 15-CV-97-GKF-PJC
 )
BIG LOTS, INC., an Ohio corporation, )
 )
      Defendant. )

**OPINION AND ORDER**

Before the court is the Motion to Dismiss under Rule 12(b)(6) [Dkt. #20] of defendant Big Lots, Inc. ("Big Lots"). This case arises from a fire caused by a pre-lit Christmas tree sold by Big Lots to plaintiffs Darrell and Lisa Thompson ("the Thompsons"). Plaintiff Farmers Insurance Company ("Farmers"), as subrogee of the Thompsons, brought this action against Big Lots alleging claims of negligence, product liability, and breach of warranty. [Dkt. #2]. Similarly, the Thompsons, as plaintiff interveners, filed a separate complaint against Big Lots, asserting the same facts and claims. [Dkt. #8]. Big Lots now moves to dismiss the plaintiffs' complaints for failure to state a claim.

    **I.**    **The Allegations**

Prior to December 13, 2013, the Thompsons obtained a pre-lit Christmas tree that had been marketed and sold by Big Lots and set up the tree in their home. On December 13, 2013, Lisa Thompson returned home after visiting her parents, turned on the tree, and went outside. After coming back inside, she heard a popping noise coming from the tree and, immediately thereafter, saw fire erupting from the middle of the tree, engulfing the entire tree in flames. She attempted to extinguish the fire, but was overcome by smoke and lost consciousness. The

Broken Arrow Police Department rescued Ms. Thompson.  She was taken by ambulance to the hospital where she was treated for internal and external burns and smoke inhalation.  In addition to Ms. Thompson's injuries, the Thompsons' home and associated personal property were severely damaged by smoke and fire.

During this time, the Thompsons' home was insured under a policy issued by Farmers, which provided coverage for damages to their home and personal property.  Following the fire, Farmers reimbursed the Thompsons for damages to their home and personal property.

**II.     Discussion**

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court determines whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility requirement "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the conduct necessary to make out the claim.  *Id.* at 556.  "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (quotations omitted).  The court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007).

Here, Big Lots contends that the plaintiffs have failed to allege sufficient facts to state a claim for product liability, negligence, or breach of warranty.  The court considers these claims in turn.

A. <u>Product Liability</u>

In *Kirkland v. General Motors Corp.,* 521 P.2d 1353, 1361 (Okla.1974), the Oklahoma Supreme Court recognized a cause of action for manufacturer's product liability against "processors, assemblers, and all other persons who are similarly situated in processing a distribution." Under this cause of action, "the seller of a product in a defective condition, which is unreasonably dangerous to the user or consumer, is strictly liable for the physical harm to the person or property caused by the defect." *Allenberg v. Bentley Hedges Travel Serv., Inc.*, 22 P.3d 223, 227 (Okla. 2001). Since *Kirkland,* Oklahoma courts have applied manufacturers' product liability to various members of the manufacturer's marketing chain, including retailers, dealers or distributor, importers and lessors. *Id.* at 227–28; *Honeywell v. GADA Builders, Inc.*, 271 P.3d 88, 94-95 (Okla. Civ. App. 2011) ("Middlemen in the chain of distribution are subject to strict products liability.").

In 2014, Oklahoma enacted a law limiting the liability of non-manufacturing product sellers:

> No product liability action may be asserted against a product seller other than the manufacturer, unless:
>
> 1. The product seller exercised substantial control over the aspect of the design, testing, manufacture, packaging, or labeling of the product that caused the alleged harm for which recovery of damages is sought; or
> 2. The product seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or
> 3. The product seller made an express warranty as to such product independent of any express warranty made by a manufacturer as to such product, such product failed to conform to the product seller's warranty, and the failure of such product to conform to the warranty caused the harm complained of by the claimant; or
> 4. The claimant is unable, despite a good-faith exercise of due diligence, to identify the manufacturer of the product; or
> 5. The manufacturer is not subject to service of process under the laws of the state; or

> 6. The court determines that the claimant would be unable to enforce a judgment against the manufacturer.

76 O.S. § 57.2(E). The statute became effective November 1, 2014.

Big Lots contends that 76 O.S. § 57.2(E) is applicable here and that the plaintiffs' complaints fail to plead facts sufficient to invoke any of the statute's exceptions. In response, plaintiffs submit that § 57.2(E) is a substantive rule and thus can only apply to claims accruing after November 1, 2014. Because their claim accrued in December 2013, plaintiffs maintain that the statute does not apply to their case.

"The general rule in Oklahoma is that statutes, and amendments, are to be construed to operate only prospectively unless the Legislature clearly expresses a contrary intent. However, … remedial or procedural statutes which do not create, enlarge, diminish, or destroy vested rights are generally held to operate retrospectively." *Welch v. Armer*, 776 P.2d 847, 850 (Okla. 1989). "In case of doubt, the doubt should be resolved against retrospective effect." *Multiple Injury Trust Fund v. Pullum*, 37 P.3d 899, 906 (Okla. 2001).

The Oklahoma Constitution places further limitations on the retroactive effect of newly enacted statutes. Under Article 5, § 54 of the Oklahoma Constitution,[1] "[s]tatutes which affect parties' substantive rights and liabilities are shielded from amendatory change." *Shepard v. Oklahoma Dep't of Corr.*, 345 P.3d 377, 388 (Okla. 2015). Thus, even if "a statute directs that it

---

[1] Article 5, § 54 of the Oklahoma Constitution states, "The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right, or penalty incurred, or proceeding begun by virtue of such repealed statute." Although this provision reads as protecting only accrued rights derived from repealed statutes, the Oklahoma Supreme Court has interpreted this provision as protected accrued rights created either by statute or common law. *See Ricks Exploration Co. v. Oklahoma Water Res. Bd.*, 695 P.2d 498, 504 (Okla. 1984); *Oklahoma Water Res. Bd. v. Cent. Oklahoma Master Conservancy Dist.*, 464 P.2d 748, 755 (Okla. 1968); *see also Resolution Trust Corp. v. Wright*, 868 F. Supp. 301, 304 n.2 (W.D. Okla. 1993).

be applied retroactively," a court must "disregard that statutory directive and apply the law prospectively if the law affects the substantive rights of the parties." *Hillcrest Med. Ctr. v. Powell*, 295 P.3d 13, 16 (Okla. 2013) (emphasis omitted). In particular, § 54 protects "accrued right[s]." Okla. Const. art V, § 54. "An accrued right within the meaning of § 54 is a matured cause of action or legal authority to demand redress." *City Of Tahlequah v. Lake Reg'l Elec. Co-op, Inc.*, 30 Fed. App'x 839, 841 (10th Cir. 2002); *accord Cole v. Silverado Foods, Inc.*, 78 P.3d 542, 547 n.24 (Okla. 2003). A statute "affects the parties' substantive rights and liabilities"—and thus is limited to prospective application—if it "increases or diminishes the amount of recoverable compensation or alters the elements of [a] claim or defense by imposition of new conditions." *Cole*, 78 P.3d at 548; *accord Hillcrest Med. Ctr.*, 295 P.3d at 16.

Here, 76 O.S. § 57.2(E) does not contain any language indicating that it should operate retroactively. Thus, unless it constitutes a "remedial or procedural [reform] which do[es] not create, enlarge, diminish, or destroy vested rights," *Welch*, 776 P.2d at 850, the statute must be limited to prospective application only, *see id.*; *Hillcrest Med. Ctr.*, 295 P.3d at 16. Section 57.3(E) alters the elements of a product liability action as against non-manufacturing product sellers. In particular, the statute adds a new element to the cause of action, thereby making it more difficult for plaintiffs to recover against such defendants.[2] Such a reform "cannot be viewed as solely a remedial or procedural change and [thus] cannot be retrospectively applied." *See Sudbury v. Deterding*, 19 P.3d 856, 860 (Okla. 2001); *see also Am. Airlines Inc. v. Crabb*, 221 P.3d 1289, 1292-93 (Okla. 2009) (holding that a statute which "add[ed] a new element that a claimant must prove" to prevail on a workers' compensation claim "intrude[d] on substantive

---

[2] Any of the six exceptions listed in 76 O.S. § 57.2(E) would add a new element to a product liability action as against a non-manufacturing product seller.

rights" and thus could not be applied retroactively); *Cole*, 78 P.3d at 548 (holding that a statute which "refashion[ed a statutory defense] into a different and more extensive liability-defeating mechanism" "represented more than a merely procedural reform" and thus could not be applied retroactively). Thus, Big Lots' motion to dismiss as to plaintiffs' product liability claim is denied.

B. Negligence

The court next addresses plaintiffs' negligence claims. In Oklahoma, "[a] product liability action may be based on a theory of negligence liability or strict products liability." *Honeywell*, 271 P.3d at 96; *Braswell v. Cincinnati Inc.*, 731 F.3d 1081, 1093 n.4 (10th Cir. 2013) ("Notwithstanding *Kirkland,* Oklahoma has not eliminated a freestanding negligence claim for defective products."). "Under Oklahoma law, the three essential elements of a claim of negligence are: (1) a duty owed by the defendant to protect the plaintiff from injury, (2) a failure to properly perform that duty, and (3) the plaintiff's injury being proximately caused by the defendant's breach." *Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 620 (10th Cir. 1998) (quoting *Lockhart v. Loosen*, 943 P.2d 1074, 1079 (Okla.1997)). "Whether a duty of care exists in a particular case is a question of law for the court to determine." *Swift v. Serv. Chem., Inc.*, 310 P.3d 1127, 1133 (Okla. Civ. App. 2013). In Oklahoma, a seller or supplier of a product who

> in [the] exercise of ordinary care knows or should know [that if the product] is defective it will be dangerous to all who come in contact therewith, … owes a duty to ascertain the condition of the product by exercising reasonable care to see that it is safe for the use for which it is intended. A vendor who fails to exercise ordinary care to ascertain the true condition and safety of the instrumentality, and chooses to sell without notice or warning of the dangerous characteristics and dangers inherent in use thereof is liable for injuries proximately caused by use of the instrumentality.

*Bower v. Corbell*, 408 P.2d 307, 315-16 (Okla. 1965); *see also Swift*, 310 P.3d at 1133 ("Under a negligence theory of recovery, a seller or supplier of a product has a duty to use reasonable care to provide adequate warnings or instructions to avoid injury to a foreseeable plaintiff."); Restatement (Second) of Torts § 401 (1965) (setting forth a standard substantially similar to *Corbell*). "In addition, although a seller generally does not have a duty to inspect products, such a duty may arise if it knows or has reason to know that the product is or is likely to be dangerous." *Crispin Co. v. Petrotub-S.A.*, No. CIV-05-159-C, 2006 WL 2812535, at *7 (W.D. Okla. Sept. 28, 2006) (citing Restatement (Second) of Torts § 402 (1965)).

In 2014, Oklahoma enacted a law codifying the elements of a negligence claim against non-manufacturing product sellers:

> A product seller other than a manufacturer is liable to a claimant on the basis of negligence if the claimant establishes that:
> 1. The product seller sold the product involved in such action;
> 2. The product seller did not exercise reasonable care:
>    a. in assembling, inspecting, or maintaining such product, or
>    b. in passing on warnings or instructions from such product's manufacturer about the dangers and proper use of such product; and
> 3. Such failure to exercise reasonable care was a proximate cause of the harm complained of by the claimant.

76 O.S. § 57.2(G). This provision, like the previous, became effective November 1, 2014.

Big Lots contends that the plaintiffs' complaints fail to allege sufficient facts to state a negligence claim under Oklahoma law. In response, plaintiffs submit that § 57.2(G) is a substantive rule and thus cannot be applied retroactively.

Here, plaintiffs' description of Big Lots negligence consists of the following: "BIG LOTS breached its duty to act with reasonable care in the marketing and sale of the pre-lit tree." [Dkt. #2, p. 3; Dkt. #8, p. 3]. Whether analyzed under § 57.2(G) or the law in effect at the time

their claim accrued, this allegation fails to state a claim.[3] Plaintiffs do not allege any facts showing that Big Lots knew or, in the exercise of reasonable care, should have known that the pre-lit tree was defective or dangerous. Plaintiffs, for example, do not allege that Big Lots failed to properly inspect the tree or to otherwise warn about known or reasonably discoverable defects. Further, plaintiffs do not allege any facts showing that Big Lots' alleged negligence was the proximate cause of their injury. For these reasons, Big Lots' motion to dismiss is granted with regard to plaintiffs' negligence claim.

C. Breach of Warranty

Finally, Big Lots moves to dismiss plaintiffs' breach of warranty claims. In *Kirkland*, 521 P.2d at 1365, the Oklahoma Supreme Court held that "[b]reach of implied warranty [was] no longer an appropriate remedy for recovery in products liability actions except as provided in the Uniform Commercial Code." Section 2-314 of Oklahoma's version of the Uniform Commercial Code ("U.C.C.") provides that "[u]nless excluded or modified …, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." 12A O.S. § 2-314(1). To qualify as "merchantable," a good must be "fit for the ordinary purposes for which such goods are used." *Id.* § 2-314(2)(c).

Big Lots contends that plaintiffs' breach of warranty claims must be dismissed "because no such separate cause of action exists in the State of Oklahoma," [Dkt. #20, p. 5], and because "[p]laintiffs' current pleadings do not allege a cause of action under [the] Oklahoma Uniform Commercial Code." [Dkt. #24, p. 7]. In response, plaintiffs contend that their complaints allege

---

[3] Notably, plaintiffs do not explain how § 57.2(G) altered the law as it stood at the time their claims arose. As relevant here, the statute merely appears to codify the common law of negligence with regard to non-manufacturing product sellers.

- 8 -

sufficient factual matter to state a claim under 12A O.S. § 2-314, regardless of whether their pleadings specifically mention that provision.

Plaintiffs' complaints allege (1) that Big Lots marketed and sold the pre-lit tree, (2) that Big Lots was in the business of marketing and selling several products, including pre-lit trees, (3) that Big Lots warranted that the tree was merchantable, (4) that the Thompsons set up the tree in their home and plugged it in and that shortly thereafter the tree ignited, and (5) that as a result plaintiffs suffered physical injuries and property damage.  Although their complaints do not specifically reference § 2-314, these allegations are sufficient to state a plausible claim for breach of implied warranty under that provision.  *See Collins Radio Co. of Dallas, Tex. v. Bell*, 623 P.2d 1039, 1053 (Okla. Civ. App. 1980) ("To recover for a breach of the implied warranty of merchantability a plaintiff must prove: (1) a sale of goods by a merchant, (2) the goods were not 'merchantable' at the time of sale, (3) injury and damage to the plaintiff or his property proximately caused by the defective nature of the goods, and (4) appropriate notice of breach to the seller."); *Gonzalez v. Pepsico, Inc.*, 489 F. Supp. 2d 1233, 1246 (D. Kan. 2007) ("To state a claim for breach of the implied warranty of merchantability, plaintiffs must allege that the goods were defective, that the defect was present when the goods left the [merchant's] control and that the defect caused plaintiffs' injuries."); *cf. Townsend v. Benjamin Enterprises, Inc.*, 679 F.3d 41, 57 (2d Cir. 2012) ("The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters." (quoting *Albert v. Carovano*, 851 F.2d 561, 571 n.3 (2d Cir. 1988) (en banc)).  Accordingly, Big Lots' motion to dismiss plaintiffs' breach of warranty claims is denied.

**III.     Conclusion**

Wherefore, Big Lots' motion to dismiss [Dkt. #20] is granted in part and denied in part. The motion is granted with respect to plaintiffs' negligence claims and denied as to plaintiffs' product liability and breach of implied warranty of merchantability claims.

ENTERED this 13th day of October, 2015.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT