IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FARMERS INSURANCE COMPANY, INC., a/s/o DARRELL THOMPSON and LISA THOMPSON<br><br>        Plaintiffs,<br><br>v.<br><br>BIG LOTS, INC., an Ohio Corporation, et al.,<br><br>        Defendants. | Case No. 15-CV-97-GKF-PJC |

**OPINION AND ORDER**

Before the court is the Motion to Strike of plaintiff Lisa Thompson ("Thompson") [Dkt. #57]. For the following reasons, Thompson's motion is granted.

On August 31, 2016, attorney Scott B. Goode ("Goode") filed a notice of attorney's lien on any "verdict, report, decision, finding, judgment, settlement or other payment" received by Thompson in the above-captioned matter. [Dkt. #56, p.1]. Goode represents no parties in this action, has never filed an entry of appearance, and fails to allege any involvement in this case whatsoever. Rather, Goode represented Thompson in an unrelated prior divorce proceeding in Oklahoma state court, captioned *In re Thompson*, No. FD-2015-2474. That is not a proper basis on which to assess a lien in this case.

In Oklahoma, an attorney may perfect a lien on a client's judgment or recovery for services rendered "*in that suit.*" *Mehdipour v. Holland*, 2007 OK 69, ¶ 23, 177 P.3d 544, 549 (emphasis added). Specifically, 5 O.S. 2001 § 6 provides: "[t]he attorney who represents the party in whose behalf such pleading is filed shall . . . have a lien upon his client's cause of action . . . and [the] same shall attach to any verdict, report, decision, finding or judgment in his client's

1

favor." In this way, "when the skills and services of an attorney produce a judgment . . . a lien attaches to the fruits of his efforts." *Mehdipour*, 2007 OK 69, ¶23, 177 P.3d at 549 (quotation marks omitted). Any recovery in the above-captioned action would not be attributable to Goode's efforts. Accordingly, his Notice of Attorney's Lien [Dkt. #56] is stricken. *See Wilcox v. Mid-Continent Cas. Co.*, 1998 OK CIV APP 189, ¶ 7, 971 P.2d 405, 406 ("It is undisputed that Wilcox filed no pleadings whatsoever on behalf of Hedges and hence could not establish a condition precedent for the establishment of a statutory charging lien.").

WHEREFORE, Thompson's Motion to Strike [Dkt. #57] is granted.

IT IS SO ORDERED this 16th day of September, 2016.

IT IS FURTHER ORDERED that the court clerk send a copy of this Order to Goode at 115 W. 3rd St., Ste. 413, Tulsa, OK 74103.

*[Signature]*
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT